Freeman, J.
The action was brought to recover damages for personal injuries sustained by the plaintiff while a passenger on *61 one of defendant’s cars, which collided with another car by reason of defendant’s negligence. All tlie questions presented by the evidence given by both parties were fully and fairly submitted to the jury, who rendered a verdict in favor of the plaintiff for $3,250. The briefs of tlie learned counsel for the appellant presents but two points for tlie consideration of the general term, and all others may, therefore, be deemed to have been waived.
The first point raised is that the trial judge erred in permitting the plaintiff, on his direct examination, to answer a question as to the rate of speed of the defendant’s car within two blocks of Bleecker street. The car of the defendant was going south through Wooster street, and ran into a car going east through Bleecker street - while the latter was crossing Wooster street. The front platform of defendant’s car struck the center of the Bleecker street car. Under these circumstances, it was relevant and material to show the rate of speed at which defendant’s car was going at or near the place of collision. Plaintiff’s answer, “ They were going at quite a rapid pace,” clearly did not prejudice defendant’s case, as showing, or tending to show, another negligent act some distance away from the point of the collision, for there is abundant other testimony in the, case, which came in without objection, to the effect that defendant’s driver, as he approached Bleecker street, was whipping the horses, and that they were galloping,- and going at the rate of about ten miles an hour, and that they had been made to go quite fast for some distance before reaching Bleecker street. The point is therefore clearly untenable.
The second point is that the verdict is excessive. The plaintiff was twenty-two years old when he was injured. He was strong and powerful. In the collision his wrist was cut and his right arm severely bruised, and as a consequence bis hand swelled and puffed out, and his fingers contracted. The contraction of the 'fingers is due to an injury to the nerves supplying those fingers, and the impairment of the said nerves is permanent, so that he will never have the same muscular power in grasping with his hand that he had before. He has suffered intense pain, and still suffers pain after the lapse of several years, and his doctor’s bill was $175. In view of the foregoing and other minor facts which hear upon this Branch of the case, it cannot be held that the verdict is excessive. • “
The judgment and order should be affirmed, with costs.